S12Y1407, S12Y1640, S12Y1641. IN THE MATTER OF WENDEL
LAWRENCE BOWIE (three cases).

(732 SE2d 759)

PER CURIAM.

These disciplinary matters are before the Court on Notices of Discipline seeking the disbarment of Wendel Lawrence Bowie (State Bar No. 071763) based on his actions in mishandling his clients' funds and legal matters. Personal service was perfected on Bowie, but he failed to file a Notice of Rejection with regard to any of the Notices of Discipline. Therefore, he is in default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by Bowie's defaults in each matter, show that Bowie, who was admitted to the Bar in 1995, received $300,000 as the closing attorney in a refinancing of a home mortgage, but failed to disburse the funds to the original mortgage holder and later failed to account for the funds. In a second matter, he obtained $4,462.45 in settlement funds on behalf of his client, but failed to disburse the funds to his client or account for them. In the third matter, Bowie was the closing attorney in two separate real estate transactions for the same seller, but failed to record the deeds transferring ownership of the properties.

Based on these facts, the Investigative Panel found probable cause to believe that Bowie violated Rules 1.2 (a), 1.3, 1.15 (I), 1.15 (II), and 8.4 (a) (4), of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for each of these violations is disbarment.

In aggravation of discipline, the Investigative Panel found that Bowie failed to respond to and was not cooperative in the disciplinary proceedings, his conduct was egregious, and he had multiple disciplinary cases pending.

Having reviewed the records, we agree that disbarment is the appropriate sanction. Therefore, it is hereby ordered that the name of Wendel Lawrence Bowie be removed from the rolls of persons authorized to practice law in the State of Georgia. Bowie is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 1, 2012.

*Paula J. Frederick, General Counsel State Bar, William J. Cobb, Assistant General Counsel State Bar*, for State Bar of Georgia.

S12Y1443, S12Y1461. IN THE MATTER OF LISA M. CUMMINGS (two cases).
(732 SE2d 755)

PER CURIAM.

These disciplinary matters are before the Court on two Notices of Discipline seeking the disbarment of Lisa M. Cummings,[1] who became a member of the State Bar of Georgia in 1996 and was suspended from the practice of law for 18 months in April 2012, with reinstatement conditioned upon a psychiatric evaluation that she is fit to resume the practice of law. *In the Matter of Cummings*, 291 Ga. 310 (728 SE2d 688) (2012). In the disciplinary actions now before us, Cummings acknowledged service of the notices of investigation, but the attempts of the State Bar of Georgia to serve Cummings personally with the notices of discipline at the address listed with the State Bar resulted in the sheriff's return of service non est inventus. The State Bar then properly served Cummings by publication pursuant to Rule 4-203.1 (b) (3) (ii) of the Georgia Rules of Professional Conduct. Since Cummings failed to file a Notice of Rejection in either matter, she is in default, has waived her rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Rule 4-208.1 (b).

The facts in S12Y1443, as deemed admitted by virtue of Cummings's defaults, show that Cummings was employed from July 1 - September 15, 2010, as a contract attorney with the Office of the Public Defender for the City of Atlanta. A review by city officials of invoices Cummings submitted showed she sought and received payment for work she did not perform, with the falsified invoices totaling $2,754. Following this review, her contract was terminated and the Interim Director of the Public Defender's Office and the chief judge of the municipal court filed grievances with the State Bar of Georgia. In the unsworn response Cummings filed to the notice of investigation, she made false allegations of improper conduct against city officials, including the interim director and the chief judge. Based on these facts, the Investigative Panel of the State Bar of Georgia found that Cummings had violated Rule 8.4 (a) (4) (an attorney shall not engage

---

[1] State Bar of Georgia No. 201865.